# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIVEPERSON, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> 24/7 CUSTOMER, INC., <br><br> Defendants. | Case No. 14-CV-01559-RWS |

## [LIVEPERSON'S PROPOSED] PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between plaintiff LivePerson, Inc. and defendant [24]7 Customer, Inc., as follows:

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2.    DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of documents, information, or other items under this Order.

16860179.3

2.2     <u>CONFIDENTIAL Information or Items</u>:  documents, information (regardless of how it is generated, stored or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Designated Code</u>:  Material that has been designated HIGHLY CONFIDENTIAL – SOURCE CODE, as defined in section 2.9 below.

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in response to discovery as Protected Material.

2.6     <u>Disclosure or Discovery Material</u>:  all documents, information, or items, regardless of the medium or manner in which they were generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, served, generated in disclosures or in response to discovery, made available for inspection, or otherwise provided in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or a past employee of an opposing Party, (3) at the time of retention, is not anticipated to become an employee of a Party, and (4) is not a current employee or a current consultant of a Party's competitor[1].  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8     <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u>:  extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to

---

[1] The definition of the term "competitor" as used in Section 2.7 will be negotiated and agreed by the Parties and submitted to the Court as an addendum within fourteen (14) days of entry of this Order.

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation technical documentation such as schematics, block diagrams, technical manuals, service manuals, and other highly sensitive technical information; and further including without limitation competitively sensitive information such as business plans or strategies, marketing plans or strategies, product development or design information, financial information (including without limitation sales, revenue, profit and loss information), and information subject to confidentiality obligations to customers of the Parties.

2.9    HIGHLY  CONFIDENTIAL  –  SOURCE  CODE  Information  or  Items: information that falls within the definition of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and that comprises computer source code (e.g., C++ code).  The definition of HIGHLY CONFIDENTIAL – SOURCE CODE does not include descriptions or summaries of the Designated Code, design specifications, schematics, flow charts, or block diagrams, nor shall it include materials that appear in user manuals, technical manuals, service manuals, presentations, or similar documents.

2.10    In-House Counsel:  attorneys (and their support staffs) who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys (and their support staffs) who are not employees of a Party to this action but are retained to represent or advise a Party to this action

-3-

and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party:  any party to this action, including all of its officers, directors, and employees.

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, jury analysis, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated for protection under this Order.

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

3.1    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    The protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

-4-

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate ruling or order of the Court.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for

16860179.3

protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2     <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE to each page that contains Protected Material, without obliterating or obscuring the contents of the page.  For native format productions, the legend may be affixed on the cover or container of the disk, tape, or other medium on which the production is stored.  If a native file production is accompanied by a database load file, designations of protection, if any, for each produced file shall be included in the load file.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  All of the Discovery Material made available for inspection shall be treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until and unless the Discovery Material is produced subsequently without a designation or with a different designated level of protection.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party either (1) identify on the record, before the close of the deposition, hearing, or other proceeding all Protected Material and specify the level of protection being

asserted.  Such portions shall be separately transcribed.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may designate the entire record as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the record (before the deposition, hearing, or other proceeding is concluded); provided, however, that such a designation creates an obligation to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted within 21 days of the Designating Party's receipt of the official transcript.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.

While Protected Material is being used at a deposition, no person to whom the Protected Material may not be disclosed under this Order shall be present. While Protected Material is being used at a hearing or other proceeding, either Party may request that the courtroom be closed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL,  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless

-7-

otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items,  that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL,  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate:  An inadvertent failure to designate qualified information or items as Protected Material does not waive the Designating Party's right to secure protection under this Order for such material.  In the event that any document or thing qualifying for designation as Protected Material is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly in writing after its inadvertent production is discovered and provide properly-designated TIFFs for each mis-designated document.  The Receiving Party shall replace the mis-designated TIFFs in their electronic document review platform with the properly designated versions and either destroy or re-brand all printed copies in their possession.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges:  Any Party or Non-Party may challenge a designation of Protected Material at any time.  Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

-8-

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer:  A Party or Non-Party wishing to challenge a Designating Party's designation of Protected Material shall notify Outside Counsel of Record for the Designating Party in writing, specifying (1)  that a challenge to the designation as Protected Material is being made in accordance with this section of the Protective Order, (2) the Protected Material in dispute, by exact Bates number(s) if applicable, and (c) a brief explanation of the reasons for disputing the designation of that Protected Material.  Within fourteen (14) calendar days of receiving the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention:  If the Parties cannot resolve a challenge without judicial intervention, the Challenging Party shall file and serve a motion that identifies generally, but does not quote or paraphrase the substance of, the challenged material and sets forth in detail the basis for the challenge.   The burden to justify the particular designation shall be on the Designating Party.  Each such motion must be accompanied by a statement affirming that the movant has complied with the meet and confer requirements imposed in the preceding section. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation.   Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (Final Disposition).   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.   Nothing in this Order limits a Designating Party's right to use or disclose its own Protected Material.

7.2    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to persons that fall within one or more of the following categories:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters and their staff, mediators or facilitators, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

-10-

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary, where at least one of the following conditions applies:

(i)      the witness is an officer, director, or employee of the Designating Party when the disclosure is made;

(ii)      the witness is a former officer, director, or employee of the Designating Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or, upon refusal to do so, has been ordered by the Court to comply with the terms of this Order;

(iii)      it is established that the witness has previously seen or received the Protected Material or knows the information contained within it; or

(iv)      at least five business days before the deposition, the Party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within three business days of receipt of the notice, written objection to this use of the Protected Material.  If a timely written objection is provided, the Protected Material identified in the written objection shall not be shown to the witness unless and until the party wishing to show that material to the witness moves for and obtains appropriate relief from the Court.  Witnesses shown Protected Material under this section must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or, upon refusal to do so, have been ordered by the Court to comply with the terms of this Order before being shown the Protected Material.

-11-

To establish whether a witness falls within category (f)(iii), limited portions of the Protected Material may be disclosed to the witness as a foundation for questions regarding his or her previous knowledge of or access to the Protected Material.  The Protected Material shall be marked and identified in the same manner as any other deposition exhibit, but no more of the Protected Material may be disclosed to the witness than is necessary to establish the witness's previous knowledge of or access to the Protected Material.  If it is determined that the witness does not fall into category (f)(iii), then the proposed exhibit will be withdrawn and will not be bound with any transcript of the deposition.

7.3     Disclosure of CONFIDENTIAL Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to (1) any person who may access HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material pursuant to section 7.2 above; (2) the current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; and (3) former officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Outside Counsel of Record for each Party shall maintain copies of all signed "Acknowledgment and Agreement to Be Bound" forms (Exhibit A) obtained by that Party during this litigation.

**8.    SOURCE CODE**

8.1    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

8.2    To the extent production of materials formatted in the manner defined in section 2.9 above becomes necessary in this case, a Producing Party may designate those materials as HIGHLY CONFIDENTIAL – SOURCE CODE.

8.3    This Designated Code shall be subject to the all the protections afforded under section 7.2 above to materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and may be disclosed only to the individuals to whom Discovery Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed, as set forth in section 7.2 above.

8.4    Source code that is designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be produced for inspection and review subject to provisions to be negotiated and agreed by the Parties and submitted to the Court within sixty (60) days of the entry of this Order.

8.5    Procedures for returning or destroying information that is produced with the designation HIGHLY CONFIDENTIAL – SOURCE CODE will be negotiated and agreed by the Parties and submitted to the Court within sixty (60) days of entry of this Order.

**9.    PATENT PROSECUTION BAR**

Absent written consent from the Designating Party, any individual who receives access from a Receiving Party to materials designated in this action as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or  HIGHLY CONFIDENTIAL – SOURCE CODE shall not be directly involved in the prosecution of patents or patent applications directed to systems and methods of customer service and customer engagement including, but not limited to, agent-

-13-

assisted interactions, self-service solutions, virtual assistants, customer analytics, predictive analytics, recommendation engines, and natural language techniques, before any foreign or domestic agency, including the United States Patent and Trademark Office, on behalf of a patentee.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must (1) promptly notify in writing the Designating Party and provide the Designating Party with a copy of the subpoena or court order; (2) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and provide that party with a copy of this Order; and (3) cooperate, at the expense of the Designating Party, with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; CLAWBACK RIGHTS**

13.1     If, in connection with the litigation, a Party inadvertently discloses a document or information subject to a claim of attorney-client privilege, attorney work-product protection, or any other privilege or immunity from discovery recognized by the Court, such disclosure shall not constitute a specific or subject matter waiver of a valid claim of privilege or work-product doctrine as to that document or information, or any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

-15-

13.2     Promptly upon discovering that any document or thing containing or constituting privileged attorney-client communications or attorney work product was inadvertently produced or disclosed, the Producing Party shall notify the Receiving Party in writing, or orally if on the record at a deposition, hearing, or other proceeding, requesting that such materials and any copies thereof be returned, sequestered, or destroyed, in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).  Within five (5) business days of the receipt of such notice, each Receiving Party to whom the materials were produced shall use reasonable efforts to return, sequester, or destroy the specified material (including all copies, summaries, and derivations therefor) in its possession, custody, or control, and notify the Producing Party in writing that they have done so; and shall take reasonable steps to retrieve and sequester or destroy such materials from other persons, if any, to whom they have been provided, and notify the Producing Party in writing that they have done so.  The Receiving Party shall thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing, except as specified in this Order.  The Producing Party shall replace any original production media thus returned, sequestered, or destroyed with  new production media identical to the original, save for the elimination of the inadvertently produced documents or information.

13.3     In the event that a Receiving Party receives a document or thing containing (or appearing to contain) privileged attorney-client communications or attorney work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly in writing after it is discovered that the privileged material may have been inadvertently produced for inspection or provided.  The Producing Party may then invoke the procedures set forth in section 12.2.

-16-

13.4    Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), as applied by this Court, shall govern any inadvertent production of materials (whether or not designated as Protected Material) claimed to be privileged by the Producing Party.  To the extent that a Receiving Party disputes the Producing Party's claim of privilege, the Receiving Party shall notify the Producing Party of its position (the "Dispute Notification") within fourteen (14) calendar days of receiving the Producing Party's notice specified in section 13.2 above.  Within fourteen (14) calendar days of receiving the Dispute Notification, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to do so within fourteen (14) calendar days of the receipt of the Dispute Notification by the Producing Party, the Producing Party shall within fourteen (14) calendar days thereafter submit the issue to the Court for determination.  Any motion papers submitted to the Court on this issue may identify generally the nature of the document or information so as to allow the Court to assess the claim of privilege, but shall not quote or paraphrase the substance of the document or information; and either party may submit any document(s) in dispute for *in camera* review. The Party purporting to hold the privilege shall have the burden of persuasion with respect to the assertion of the claim of privilege or work product protection.  The Producing Party must preserve the disputed material until the claim is resolved, and the Receiving Party must not use or disclose the disputed material until the claim is resolved, to the Court for determination.

## 14.    FILING PROTECTED MATERIAL

All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that contain or disclose such Protected Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties shall use their best efforts to minimize such sealing.  In any event, any Party filing a

motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material,. The filing Party shall serve all other Parties to this action with unredacted copies of all materials filed under seal at the time of the filing.

## 15.   PRIVILEGE LOG

A Producing Party may withhold production of a document or portions of a document based on the assertion that the otherwise responsive document is privileged (i.e., attorney-client privilege or work-product doctrine).  Within a reasonable time after production of any documents from which any materials have been withheld as privileged, the Party asserting a claim of privilege will describe the nature of the documents or other material withheld in a manner that complies with Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2.  Unless otherwise agreed to by the parties or ordered by the Court, the parties are not required to log or otherwise provide information about privileged documents that post-date the filing date of this action (March 6, 2014).

## 16.   FINAL DISPOSITION

Within ninety (90) calendar days after the final disposition of this action, as defined in section 4 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 above.

## 17.    MISCELLANEOUS

17.1    <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

17.2    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.3    <u>Exclusive Jurisdiction</u>:  This Court shall have the exclusive jurisdiction to resolve any disputes arising out of this Order, to enforce any obligations arising hereunder, or to impose sanctions for any contempt of this Order.


SO ORDERED.

Dated:  April ___, 2015               _____
                                       ROBERT W. SWEET
                                       UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Southern District of

New York on _____ [date] in the case of *LivePerson, Inc. v. [24]7 Customer,*

*Inc.*, Case No. 14-CV-01559-RWS.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order, and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:  _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                    [signature]

-20-

16860179.3